*209
 
 Weygandt, C. J.,
 

 dissents for two reasons, either of which precludes disturbance of the judgment of the Court of Appeals.
 

 In the first place there is no properly authenticated bill of exceptions upon which to predicate a review of the judgment below. The bill was not approved by the trial court. It shows merely the approval of counsel of record. The claim is made that this course was followed by reason of the amendment to Section 11571, General Code, which purports to sanction this procedure. This court has held repeatedly that any sort of record of the facts in a case must be approved by the trial court in the form of either a journal entry or a bill of exceptions; and this is the rule even when an agreed statement of facts is involved. Now the amendment to this statute seeks to abrogate the settled rule and thereby make it possible to obtain a review upon a record that never has been seen by the judge who presided at the trial and is therefore in possession of the most accurate knowledge as to the things that actually transpired. It is indeed a strange and alarming process that attempts to clothe a reviewing court with power to review, affirm, modify or reverse the judgment of a lower court about something that may never in fact have occurred. It is inevitable that this amendment will cause unnecessary trouble and miscarriages of justice, and therefore it should be invalidated at once by the stamp of judicial disapproval.
 

 The second reason why the judgment of the Court of Appeals should not be disturbed is that there was no rule requiring more than a plurality for the election of a council president. Of course under the city charter the council was empowered to adopt such a rule, but it never did so unless it can be said that this was accomplished by the clerk’s mere unauthorized and gratuitous announcement of a majority rule, together with the apparent acquiescence therein by the members of the council, all of whom were concededly
 
 *210
 
 ignorant of the fact that the settled law of Ohio permits election by a plurality.
 
 State, ex rel. Attorney-General,
 
 v.
 
 Anderson,
 
 45 Ohio St., 196, 12 N. E., 656;
 
 State, ex rel. Calderwood,
 
 v.
 
 Miller,
 
 62 Ohio St., 436, 57 N. E., 227. To attach to such confused inaction a degree of importance - and dignity tantamount to the adoption of a rule seems plainly to do nothing less than violence to the very words themselves.
 

 If anything intelligible or coherent can be said to have emerged from the welter of disorder and confusion of this meeting it was the election of Mr. Artl as president when the fifteen votes he received on the first ballot gave him the necessary minimum of a plurality.